UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL



| Case No. | EDCV 17-006 JGB (KKx) | Date | March 3, 2017 |
|---|---|---|---|
| Title | *Kim Thompson v. 3M Company et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** Order: (1) GRANTING Plaintiff's Motion to Remand (Dkt. No. 14); (2) REMANDING this action to the California Superior Court, County of Riverside; and (3) VACATING the March 6, 2017 Hearing (IN CHAMBERS)

On November 16, 2016, Kim Thompson ("Plaintiff") initiated this action against 3M Company ("3M") and Ingram Micro, Inc. ("Ingram") (collectively, "Defendants") in California Superior Court for the County of Riverside, alleging that she incurred injuries while employed as a packer for Ingram. ("Complaint," Dkt. No. 1-2.) 3M removed the case on January 4, 2017 on the basis of diversity jurisdiction, asserting that Ingram—the non-diverse Defendant—was fraudulently joined. (Not. of Removal, Dkt. No. 1.)

On February 3, 2017, Plaintiff filed this motion to remand the action to state court. ("Motion," Dkt. No. 14.) Defendants opposed Plaintiff's Motion on February 13, 2017. ("Opp'n," Dkt. No. 18.) Plaintiff filed her reply memorandum on February 17, 2017. ("Reply," Dkt. No. 20.)

The Court finds this matter appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. After consideration of the papers filed in support of and in opposition to the motion, the Court GRANTS Plaintiff's Motion to Remand.

## I.     LEGAL STANDARD[1]

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." Gunn v. Minton, 133 S. Ct. 1059, 1064 (2013). As such, federal courts only have original jurisdiction over civil actions in which a federal question exists or in which complete diversity of citizenship between the parties exists and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332. "Complete diversity" means that "each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Moreover, the Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction," and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992); see also Jackson v. Specialized Loan Servicing, LLC, No. CV 14-05981 MMM PLAX, 2014 WL 5514142, at *6 (C.D. Cal. Oct. 31, 2014) (quoting Gaus). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Jackson, 2014 WL 5514142, at *6. Doubts as to removability must be resolved in favor of remanding the case to state court. Id. (internal citations omitted).

But removal is proper despite the presence of a non-diverse defendant where that defendant is a fraudulently joined or sham defendant. Ritchey v. Upjohn Drug Co., 139 F.3d 1313, 1318 (9th Cir. 1998); see also McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987) ("If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent.") As the Ninth Circuit has explained, "fraudulent joinder is a term of art" and requires courts to look at whether a plaintiff has failed to state a cause of action against a resident defendant. Id. Thus, the defendant must show that there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant. Id.; see also Padilla v. AT & T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (defendant seeking removal based on alleged fraudulent joinder "must do more than show that the complaint at the time of removal fails to state a claim against the non-diverse defendant" but must also show that "there is no possibility that the plaintiff could prevail on any cause of action it brought against the non-diverse defendant"); Gloger v. Lynch, No. 2:16-CV-05445-CAS-E, 2016 WL 4770015, at *3 (C.D. Cal. Sept. 12, 2016) (noting that "the burden of proving a fraudulent joinder is a heavy one" because "the removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court.")

---

[1] In reviewing Plaintiff's discussion of the applicable standards, the Court notes that Plaintiff's Motion relies almost entirely on out-of-circuit law. (See Motion at 4, 5, and 7 (citing only to Fourth, Fifth, Sixth, and Eleventh Circuit cases). It is unclear why Plaintiff avoided citing to controlling case law, particularly where there is no dearth of relevant cases in this Circuit. The Court cautions Plaintiff's counsel to ensure that legal arguments are grounded in relevant and controlling authority in the future.

Generally, the rule is that "the propriety of removal is determined solely on the basis of the pleadings filed in state court." Williams v. Costco Wholesale Corp., 471 F.3d 975, 976 (9th Cir. 2006). However, in the case of an allegedly fraudulent joinder, "the defendant seeking removal to the federal court is entitled to present the facts showing the joinder to be fraudulent." McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).

## II.    DISCUSSION

Plaintiff is a resident of Riverside, California, while 3M is incorporated in Delaware, with its principal place of business in Minnesota. (See Complaint & Not. of Removal.) Accordingly, there is diversity between these two Parties for purposes of removal.[2] However, the Parties agree that Ingram is a local defendant and therefore non-diverse from Plaintiff. (Id.) In its Notice of Removal, 3M contends that Ingram is a sham defendant, joined by Plaintiff only to destroy diversity. (Not. of Removal.) It makes this argument by relying on California Labor Code section 3602, which provides that a workers' compensation claim is the exclusive remedy against an employer for injuries sustained in the course of employment. (Id. at 2.) Plaintiff is an "employee" of Ingram for purposes of the statute, 3M argues, and so is bound by the exclusive remedy rule—which means Ingram is immune from suit. (Id. at 2-3.) Thus, it concludes that Ingram is fraudulently joined because Plaintiff cannot state a cause of action against it. (Id. at 3.)

The exclusive remedy provision in the Labor Code states: "Where the conditions of compensation set forth in Section 3600 concur, the right to recover compensation is, except as specifically provided in this section and Sections 3706 and 4558, the sole and exclusive remedy of the employee or his or her dependents against the employer." Cal. Lab. Code § 3602. Accordingly, under this provision, when an injury occurs at the worksite, "in the normal course of the employer-employee relationship workers' compensation is plaintiffs' exclusive remedy for any injury that may have resulted." Bohnert v. Roman Catholic Archbishop of San Francisco, 136 F. Supp. 3d 1094, 1124 (N.D. Cal. 2015) (internal marks and citations omitted); see also Enslow Through Enslow v. United States, 42 F.3d 1399 (9th Cir. 1994) ("In California, worker's compensation payment is the exclusive remedy available against an employer for a work-related injury sustained by an employee."); Angelotti v. Walt Disney Co., 192 Cal. App. 4th 1394, 1403 (2011) ("Workers' compensation provides the exclusive remedy against an employer for an injury sustained by an employee in the course of employment and compensable under the workers'

---

[2] The Court notes that the Complaint states only that 3M is a "Delaware corporation" "doing business" in California. (Complaint ¶ 4.) The mere fact that a corporation is doing business in a state does not make it a citizen of that state for purposes of diversity jurisdiction. See 28 U.S.C. § 1332(c)(1) (corporation is citizen of its state of its incorporation and state where it has its "principal place of business"); Thomas v. Thomas, No. SACV141096JLSRNBX, 2015 WL 12697636, at *1 (C.D. Cal. Jan. 20, 2015) (noting that "[w]here a corporation 'does business' is irrelevant"). Neither does Plaintiff challenge 3M's statement that it is incorporated in Delaware and has its principal place of business in Minnesota. Accordingly, the Court is satisfied that 3M is diverse from Plaintiff.

compensation law . . . This precludes a tort remedy against the employer if the conditions of compensation are present.")

Plaintiff's Motion challenges the argument that she is bound by the exclusive remedy rule in bringing claims against Ingram in two ways.  First, she argues that Ingram is not clearly her "employer" under the terms of the Labor Code. (Motion at 6.)  Second, she argues that, even if Ingram were her employer, she may invoke the "power press" exception set forth in the Labor Code to avoid application of the exclusive remedy rule.  (Id.)

With regard to her first argument, Plaintiff states in the Complaint that she "was employed at the 'facility' of [Ingram] . . . and was the operator and/or user of box taping/labeling/packaging machine system and its component parts." (Complaint ¶ 6.)  Later, she states: "On or about November 21, 2014, Plaintiff Kim Thompson was an employee of defendants Ingram Micro, Inc. . . . At that time and location, [Plaintiff] was working for said defendants as a packer." (Complaint ¶¶ 29 & 30.)  However, Plaintiff now argues that "the legal characterization of the relationship between Defendant Ingram Micro and Plaintiff Thompson, and specifically whether or not she was legally considered to be an employee thereof, remains unclear." (Motion at 6.)  Instead, she suggests that her employer was, instead, "the temporary agency that assigned Plaintiff to Ingram Micro's facility," explaining that her workers' compensation documents "appear to be filed against the temporary agency," not against Ingram. (Id.)  To the extent that Ingram is involved in her claims, she explains that it manufactures and supplies the machines that she used in her work. (Id.; see also Complaint ¶ 20.)

Plaintiff is correct that only an employer who has entered into an employment relationship with its employee is entitled to the workers' compensation exclusivity rule. McLandrich By & Through McLandrich v. S. California Edison Co., 917 F. Supp. 723, 727 (S.D. Cal. 1996) (citing to Arriaga v. County of Alameda, 9 Cal. 4th 1055, 1060 (1995)).  In turn, whether an employment relationship exists is generally "a question of fact which becomes a question of law only when but one inference can reasonably be drawn from the facts." McLandrich By & Through McLandrich v. S. California Edison Co., 917 F. Supp. 723, 727 (S.D. Cal. 1996).

3M argues that there is a presumption in favor of finding an employee relationship, asserting that an employee is broadly defined as "every person in the service of an employer under any appointment or contract of hire or apprenticeship, express or implied, oral or written." (Opp'n at 3.)  However, the Ninth Circuit has made clear that the presumption applies *only* when invoked by the plaintiff in a claim seeking worker's compensation. Enslow Through Enslow v. United States, 42 F.3d 1399 (9th Cir. 1994).  When, as here, the *defendant* seeks to invoke the presumption as a defense to state law claims, "courts generally are more exacting in requiring proof of an employment relationship." Id. (internal quotation marks omitted.)  In a case like this, "the mere fact that [the plaintiff] provided services to the [defendant] cannot give rise to the presumption of employment as a defense to suit, even if the [plaintiff] was an 'employee' of the [defendant]." Id.  Instead, to prove employment, the Ninth Circuit explained that the defendant must meet the "more exacting" standard set forth in Kowalski v. Shell Oil Co., 23 Cal. 3d 168 (1979).

The Kowalski test requires a court to consider a number of factors. The "paramount consideration" is whether the alleged employer exercises control over the details of an employee's work, but other factors include: whether the alleged employer has the power to discharge a worker; whether it is responsible for the employee's payment of wages; whether the work is part of the employer's regular business, the duration of the employment period; who supplies the work tools; whether the worker consented to the employment relationship, either expressly or impliedly; and whether the parties believed they were creating the employer-employee relationship. Kowalski, 23 Cal. 3d at 176–78.

Reviewing these factors leads the Court to the conclusion that Defendants have not overcome the heavy burden to show fraudulent joinder. Under the "more exacting" standard of Kowalski, there are simply insufficient facts before this Court that would confirm whether Ingram exercised control over the details of Plaintiff's work, whether Ingram had the power to discharge Plaintiff, or whether Ingram was responsible for the payment of her wages. And, with the exception of whether Ingram supplied the work tools—that question, at least, may be answered in the affirmative—the Court has no information as to the rest of the factors either.[3] For its part, 3M does not provide any argument or facts to show that Ingram is Plaintiff's employer: rather, it relies entirely on an incorrect standard of proof to assert that Plaintiff is simply *presumed* to be an employee. (Motion at 3.)[4] For the reasons noted above, that standard does not apply here. Under the applicable test, 3M has not definitively shown that Ingram is Plaintiff's employer, such that the exclusive remedy rule would apply to bar her claims against it.

While the Court acknowledges that discovery could ultimately resolve the employee-employer relationship question in Ingram's favor, the procedural posture here requires Defendant to prove that there is absolutely no possibility that Plaintiff could establish a cause of action against the in-state defendant in state court. That it has not done, and it would be overreaching for this Court to make a determination as to what a California court *might* do when faced with this issue for the first time. See Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996) *("Fraudulent joinder is not shown merely because the action is likely to be dismissed against that defendant. The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so.")* Remand is required on this basis alone. The Court therefore does not reach the alternative issue pressed by both sides—whether Plaintiff has sufficiently alleged that she qualified for the "power press" exception from the exclusive remedy rule.

//

---

[3] In fact, 3M's motion only seems to suggest that Ingram did *not* sign Plaintiff's paychecks. (See Motion at 3 ("Who signed her paycheck is irrelevant."))

[4] The Court is also unpersuaded that Plaintiff's reference to being an employee of Ingram's in her Complaint settles the matter: whether she is an employee is a legal question that cannot be determined by an allegation in the Complaint.

### III. CONCLUSION

For the foregoing reasons, the Court finds that complete diversity does not exist between Plaintiff and Defendants, as Plaintiff may be able to assert a claim against 3M, a non-diverse defendant. Accordingly, the Court GRANTS Plaintiff's Motion and REMANDS this action to the California Superior Court, County of Riverside.

The March 6, 2017 hearing is VACATED.

**IT IS SO ORDERED.**